[Sac. No. 1215.   In Bank.—March 25, 1904.]

JAMES CHUBBUCK, Respondent, v. S. H. WILSON, Appellant.

ELECTION CONTEST—DISTINGUISHING MARKS—CHANGE OF LAW—APPEAL —DECISION AFTER AMENDMENT—ABSENCE OF DISCUSSION.—Under the amendment of 1903 to subdivision 4 of section 1211 of the Political Code, a distinguishing mark does not invalidate a ballot, unless it shall appear that such mark was placed thereon by the voter for the purpose of identifying such ballot; and in view of such amendment an appeal taken in a contest begun prior thereto, and disposed of after the amendment, will be decided according to the previous law as to distinguishing marks, without discussion thereof, which would have no value as a precedent.

APPEAL from a judgment of the Superior Court of Butte County.  John C. Gray, Judge.

The facts are stated in the opinion of the court.

W. E. Duncan, Jr., for Appellant.

Park Henshaw, and A. E. Boynton, for Respondent.

McFARLAND, J.—This is an election contest involving the office of sheriff of the county of Butte. The parties were both candidates for the said office at the election held on November 4, 1902. The board of supervisors canvassed the returns of the election officers, and declared that defendant, Wilson, had received 2,244 votes, and plaintiff, Chubbuck, 2,243, and a certificate of election was issued to the former. Plaintiff instituted this proceeding to contest said election. At the trial the superior court recounted the votes, and found that plaintiff had received 1,564 legal votes, and defendant only 1,522 legal votes,—a majority of forty-two for plaintiff,—and rendered judgment for the plaintiff. From this judgment defendant, Wilson, appeals.

It is stipulated by the parties that the only questions on this appeal are those arising out of rulings of the court in counting or rejecting ballots which had been objected to on the ground that they contained distinguishing marks which invalidated them, under the law as it then stood. As the law on this subject has since been radically changed, and now provides that a distinguishing mark shall not invalidate a ballot "unless it shall appear that such mark was placed thereon by the voter for the purpose of identifying such ballot," (Pol. Code, sec. 1211, subd. 4, amendments of 1903,) nothing that could be said here would be of any value as a precedent. We shall therefore merely state the instances in which, in our opinion, the court below erred in counting and rejecting ballots.

1. First, taking up appellant's exceptions, we think that the court should not have counted for respondent votes for him on the ballots marked as defendant's exhibits as follows: Nos. 48, 57, 68, 70, 72, 76, 79, 82, 89, 94, 126, 138, 143, 148, 149, 150, 155, 167, 189, 197, 210, 212, 223, 231, 233, 240, 258, 267, 285, 286, 288, 294, 299, 300; and also should not have rejected votes for appellant on his exhibits Nos. 1, 24, 73, 95, 98, 113, 118, 123, 132, 139, 163, 187, 213, 225, 239, 253, 279, 297. If the rulings on these two sets of ballots had been in accordance with our views, appellant would have gained on the count of said two sets of ballots fifty-two votes.

2. Taking up respondent's exceptions, we think that the court should not have rejected, but should have counted for respondent, votes for him on ballots marked as plaintiff's exhibits as follows: Nos. 23, 24, 28, 34, 53, 55, 65, 70, 80, 83, 85, 87, 90, 91, 92, 93, 94, 101, 108, 110, 112, 113, 126, 128; and also should not have counted for appellant votes on ballots designated as plaintiff's exhibits Nos. 20, 31, 32, 36, 43, 44, 63, 64, 71, 88, 89, 130. If the rulings on these two sets of ballots had been in accordance with our views, respondent would have gained thereon thirty-six votes.

But a deduction of respondent's gains—thirty-six—from appellant's gains—fifty-two—leaves respondent's majority still twenty-six, and does not change the result. ·

There were two ballots—defendant's exhibit No. 191 and plaintiff's exhibit No. 60—not included in the ballots above referred to, which we do not deem it necessary to consider. One contained a vote for appellant, and the other a vote for respondent; the objection to each was the same, and they were both rejected by the court.

We see no error in the rulings of the court below other than as above indicated.

The judgment is affirmed.

Shaw, J., Angellotti, J., Van Dyke, J., and Henshaw, J., concurred.